E-FILED
Thursday, 22 August, 2019 10:14:37 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DELPHI HONORABLE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 18-3155 |

OPINION

RICHARD MILLS, United States District Judge:

Delphi Honorable has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

That motion and supplemental motions are pending.

I.

On April 25, 2017, in Case Number 16-cr-30040, Petitioner Delphi Honorable was sentenced to a term of 15 months for possession with intent to distribute mixtures or substances containing a detectable amount of heroin. The Petitioner was sentenced to a consecutive term of 60 months for knowingly possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Court also sentenced the Petitioner to 24 months'

imprisonment for violating the terms of his supervised release in Case Number 97-cr-20057, to be served consecutively to his term in Case Number 16-cr-30040.

In Case Number 16-cr-30040, the Parties entered into a Plea Agreement, which included language waiving the Petitioner's right to appeal his sentence as well as collaterally attack his sentence, except in limited circumstances. The Petitioner did not file a direct appeal in the criminal case.

The Petitioner filed a pleading before the Seventh Circuit, which that court ordered be construed as an initial motion for relief under § 2255 and that a new case be opened.

On June 25, 2018, the Petitioner's initial motion for relief was filed. On August 3, 2018, he filed an amended motion to vacate his sentence. The Government has filed a response.

II.

In his initial motion, the Petitioner claims he is entitled to relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Id*. at 2563. That portion of the statute defined a crime of violence as any crime punishable by a sentence of more than one year that "has as an element the use, attempted use, or threatened use of physical force against the

person of another." 18 U.S.C. § 924(e)(2)(B)(i). In *Dimaya*, the Court held that similar language in the Immigration and Nationality Act was unconstitutional. 138 S. Ct. at 1223.

In his § 2255 motion, the Petitioner claims the Supreme Court's decisions affect his conviction under § 924. The Petitioner's supplemental motion raises an ineffective assistance of counsel claim.

The Petitioner waived his right to appeal or collaterally attack his sentence, except for claims of involuntariness or ineffective assistance of counsel. The Petitioner's claim under *Johnson* makes no mention of involuntariness or ineffective assistance of counsel. Even if the waiver did not apply, the Petitioner's claim under *Johnson* fails because he was not convicted under the residual clause of the Armed Career Criminal Act. Rather, he was convicted pursuant to 18 U.S.C. § 924(c)(1)(A)(i) for carrying a firearm in furtherance of a drug trafficking crime, not pursuant to the residual clause under § 924(c)(1)(D)(3)(A). Accordingly, *Johnson* would not apply.

Because the Petitioner asserts claims involving ineffective assistance of counsel, the waiver does not preclude him from filing this motion. *See Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013). "[T]o prove ineffective assistance of counsel, [a petitioner] must show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kirklin v. United States*, 883 F.3d 993, 996 (7th Cir. 2018) (internal quotation marks omitted). The presumption is that counsel advised his client effectively. *See Hutchings v. United States*, 618 F.3d 693, 696-97 (7th Cir. 2010). "Only if the petitioner comes forward with specific acts or omissions of his counsel that constitute ineffective assistance will we then consider whether these acts or omissions were made outside the wide range of professionally competent assistance." *Id*. at 697 (internal quotation marks omitted).

The Petitioner is unable to meet either prong. He does not explain how counsel was ineffective or how that ineffectiveness affected the outcome of this case. The Petitioner does allege the firearm he possessed was not connected to his drug dealing. However, he does not explain why he pled guilty or how this is connected to his ineffective assistance of counsel claim. As part of the factual basis of his plea agreement, the Petitioner admitted that he possessed a firearm in connection to his drug dealing activities. Moreover, the Petitioner's § 2255 motion includes the sentencing memorandum filed by prior counsel, which is particularly odd if the Petitioner believes counsel was ineffective. Because the Petitioner does not include any allegations in support of his § 2255 motion, it must be dismissed.

The Petitioner also alleges the Court failed to resolve various objections to the PSR at the sentencing hearing. This argument is waived pursuant to the appellate

and collateral attack waivers. Alternatively, the Court made rulings on each of the objections to the PSR.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceeding, the Court must issue or deny a certificate of appealability. Upon reviewing the entire record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

<u>Ergo</u>, the Motion of Petitioner Delphi Honorable to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [d/e 1] is DISMISSED.

The Petitioner's Supplemental Motion [d/e 3] is DISMISSED.

The Clerk will terminate the Petitioner's Motion for Status [d/e 6].

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court hereby denies Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ENTER: August 21, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge